29 P.3d 936

Beverly FRAZIER, Plaintiff–Appellant,

v.

J.R. SIMPLOT COMPANY,
Defendant–Respondent.

No. 26205.

Supreme Court of Idaho.

June 22, 2001.

Huntley, Park, Thomas, Burkett, Olsen & Williams, L.L.P., Boise; Pedersen & Clark, Twin Falls, for appellant. Eric R. Clark argued.

Cantrill, Skinner, Sullivan & King, Boise; David E. Spurling, Boise, for respondent. Tyra H. Stubbs argued.

EISMANN, Justice.

This is an appeal from an order granting summary judgment dismissing the complaint on the ground that the claims were barred by the statute of limitations. When ruling on the motion for summary judgment, the district court refused to consider an affidavit submitted by the plaintiff because the court found that the affidavit conflicted with the plaintiff's prior deposition testimony. We affirm the order in part, reverse it in part, and remand this case for further proceedings.

## I.

### FACTS AND PROCEDURAL HISTORY

Beverly Frazier was employed by the J.R. Simplot Company for almost twenty years. She was terminated on June 22, 1996, when the job she had been doing was eliminated. From 1989 until her termination, she was a clerk in the parts room. In 1996 the Simplot Company decided to close the parts room and to "outsource" that work to an independent contractor. After her job was terminated, Frazier began working for the independent contractor.

On August 28, 1997, the Beverly Frazier filed a seven-count complaint against the Simplot Company alleging claims for gender discrimination/disparate treatment, hostile workplace environment, discriminatory wage rates, retaliation, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent retention/supervision. In her complaint, Frazier alleged that throughout her

employment with the Simplot Company she had been subjected to physical and verbal abuse based upon her gender, that she had been paid less and denied jobs because of her gender, and that she was the subject of retaliation because she reported such conduct.

On September 17, 1999, the Simplot Company moved for summary judgment based upon the two-year statute of limitations provided in Idaho Code § 67–5908(2).[1] The Simplot Company based its motion primarily upon Frazier's deposition testimony. In her deposition, she testified that she had been denied jobs for which men were hired in 1978, 1979, 1984, and 1985, all of which occurred more than two years before she filed her lawsuit. Frazier testified that after 1989, when she went to work in the parts room, she was not subjected to physical and verbal abuse or problems in the form of sexual harassment. She was unable to provide facts supporting her claim regarding discriminatory wages based upon her gender. The Simplot Company also argued that Frazier had not identified any incidents of alleged retaliation occurring after 1989; that she had not stated a claim for violation of the implied covenant of good faith and fair dealing; that any claim for intentional infliction of emotional distress was barred by the statute of limitations; and that her claim for negligent supervision was both barred by the statute of limitations and not an actionable claim where the alleged damage was purely emotional trauma.

At the hearing on the motion for summary judgment, Frazier voluntarily dismissed her claims for intentional infliction of emotional distress and negligent retention/supervision. Eleven days later, the district court issued its order granting the motion for summary judgment on the ground that Frazier's claims were barred by the statute of limitations.

Frazier then filed a motion for reconsideration, alleging that Frazier's affidavit filed before the hearing on the motion for summary judgment alleged facts showing discrimination within the two-year period immediately preceding the filing of her complaint. In response, the Simplot Company argued that Frazier's affidavit should be stricken because it conflicted with her earlier deposition testimony. Relying upon *Burrell v. Star Nursery, Inc.*, 170 F.3d 951 (9th Cir.1999), and *Kennedy v. Allied Mutual Insurance Company*, 952 F.2d 262 (9th Cir.1991), the district court held that Frazier's affidavit created "sham issue[s] of fact" in an attempt to get her claim within the statute of limitations, and it refused to consider the affidavit. It then denied the motion for reconsideration, and Frazier appealed.

## II.

## STANDARD OF REVIEW

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Eagle Water Company, Inc. v. Roundy Pole Fence Company, Inc.*, 134 Idaho 626, 7 P.3d 1103 (2000). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.*

## III.

## ISSUES ON APPEAL

A. Did the district court err in striking Frazier's affidavit?

1. The statute, prior to its amendment in 1998, provided as follows:

(2) Nothing contained in this chapter shall prohibit a person who has been subject to alleged unlawful discrimination from filing an action in the district court on his or her own behalf, but such action shall be commenced not more than two (2) years after the act of alleged unlawful discrimination complained of. Act approved March 20, 1998, ch. 155, § 3, 1998 Idaho Sess. Laws 530, 532.

B. Did the district court err in granting the Simplot Company's motion for summary judgment?

## IV.

## ANALYSIS

### A. Did the district court err in striking Frazier's affidavit?

The district court held that Frazier's affidavit conflicted with her prior deposition testimony, and, relying upon *Burrell v. Star Nursery, Inc.*, 170 F.3d 951 (9th Cir.1999), and *Kennedy v. Allied Mutual Insurance Company*, 952 F.2d 262 (9th Cir.1991), it refused to consider the affidavit. The *Kennedy* case, upon which the district court relied, was cited by this Court in *Tolmie Farms, Inc. v. J.R. Simplot Company, Inc.*, 124 Idaho 607, 610, 862 P.2d 299, 302 (1993), wherein this Court stated:

> Simplot argues that the Tolmies are trying to prevent an adverse summary judgment by creating factual issues in the affidavit which contradict their prior sworn deposition testimony. However, it appears that Simplot failed to review the corrected deposition testimony prior to Tolmie's signature on December 28, 1989, which does not conflict with his affidavit. While we may agree that the purpose of summary judgment is served by a rule that prevents a party from creating sham issues by offering contradictory testimony, we perceive no "contradiction" where the witness asserts in his affidavit facts which, at the time of his earlier deposition, he specifically had asserted he could not recall. *Kennedy v. Allied Mut.*, 952 F.2d 262, 266–67 (9th Cir.1991) (district court must determine that affidavit contradicting prior testimony is a "sham" before it determines that affidavit cannot be used to create an issue of fact precluding summary judgment).

In the *Tolmie Farms* case, we did not adopt the reasoning of the *Kennedy* case. We held that in that case there was no contradiction between the affidavit and the corrected deposition testimony. In this case, we likewise need not decide whether to adopt the reasoning of Ninth Circuit Court of Appeals be-

cause there was not a sufficient conflict between Frazier's deposition testimony and her statements in her affidavit.

In her affidavit, Frazier made the following statements:

2. Since I began working in the parts room at Simplot, male members of the maintenance crew and other sections at Simplot have come to the parts window to tell jokes concerning female body parts. This conduct continued until Simplot sold the parts room to ISA in 1996. Although such conduct still happens occasionally, it has never risen to the level of almost daily occurrence as when Simplot still owned the parts room.

3. While Simplot owned the parts room, male employees would routinely demand access to the parts room although access is limited to authorized personnel. They would ridicule me and tell me that I was too stupid to know what part they needed or that I wouldn't understand because I was a woman.

4. From 1989 until Simplot sold the parts room George Argenbright and many other male employees would refer to me as "broad" or "chickie."

. . .

7. After I left the carton line in 1988, I still had to deal with Les Pearson on an almost daily basis until he left Simplot. During this time he continued to yell at me, especially if a part was not available and he would blame me personally. He would yell and point his finger at me and tell me that it was my fault that he was no longer on the carton line because I complained about the physical beatings. He routinely referred to me as a "stupid broad" and told me on many occasions "why don't you just go home and scrub floors?".

The district court held that Frazier's affidavit conflicted with the following portion of her deposition testimony.

Q. And were you subject to physical and verbal abuse when you were in the parts room?

A. No. Actually not.

Q. That would have been after 1989 then; right?

A. Yes.

Q. Okay. So any of the physical and verbal abuse you allege in your complaint was before 1989?

A. Yes. In the carton line. Yes.

Construing the facts liberally in favor of Frazier, as we must on a motion for summary judgment, we hold that there was not a conflict between her above-quoted deposition testimony and her affidavit.

Prior to the above-quoted deposition testimony, Frazier was asked to give every detail upon which she based her claim that she was subject to physical and verbal abuse because she was a female. Frazier responded, "Well, there is so many of them." After a short discussion with her counsel, she stated, "I will try to remember. Physical—the question was on abuse?" She then recounted physical abuse she suffered at the hands of Les Pearson, her chief antagonist. She testified that when she obtained a job as a forklift driver in 1979, she was the only female forklift driver. Mr. Pearson approached her and told her he would run her out and that she should be home sweeping floors. As she continued her testimony, she stated, "I got to pick out the things that was physical abuse. It just got increasingly more confrontational until '82. In '82 it really culminated in battery where he would just come up and knock you down or shove you around or—." She then testified about her complaint to management in 1982 due to Pearson's conduct, that nothing came of the complaint, and that around the same time Pearson knocked Frazier down and battered three other women who were working in the same area. She was then asked, "And were you subject to physical and verbal abuse when you were in the parts room?" The question asked whether she was subject to "physical **and** verbal abuse" while she was in the parts room. Considering her prior testimony where she was focusing upon physical abuse and her later testimony that when she was in the parts room, Mr. Pearson "was not able to directly do anything to me, because there were bars in between us," Frazier may have interpreted the question as requiring both

physical abuse and verbal abuse. Because she did not suffer physical abuse after she began working in the parts room, she would have answered the question "no," even though she asserts she suffered some verbal abuse while working in the parts room. Under these circumstances, we hold that the district court erred in disregarding Frazier's affidavit.

**B. Did the district court err in granting the Simplot Company's motion for summary judgment?**

Frazier's complaint is based upon the Idaho Human Rights Act, Idaho Code §§ 67–5901 *et seq.* She has not alleged any claim under federal law. Frazier argues on appeal that the district erred in dismissing three of her claims for relief: gender discrimination/disparate treatment, hostile work place environment, and retaliation.

**1. Did the district court err in ruling that Frazier's claim for gender discrimination/disparate treatment was barred by the statute of limitations?**

◼ In her complaint, Frazier alleged that while employed by the Simplot Company she applied for several positions for which she was qualified and "these positions were ultimately filled with less qualified male employees." In her deposition, she was asked about this allegation and she described several incidents when she applied for a position and the job was given to a male. She testified that the last such time was in 1985, almost twelve years before she filed her complaint. In her affidavit, she also stated that shortly after she was transferred to the parts room in 1989, several maintenance jobs became available; that she was told she could not qualify for the jobs because of an injury she suffered in 1988; and that the jobs were given to men with more disabling injuries. Again, however, the period "shortly after" she started working in the parts room in 1989 would be more than two years before August 28, 1997, the date she filed her complaint. On appeal, Frazier argues that she was subjected to gender discrimination when in 1996 she applied for a timekeeper's job, and it was awarded to another woman.

For a factual issue to be material on a motion for summary judgment, it must be placed in dispute by the pleadings. *Bennett v. Bliss,* 103 Idaho 358, 647 P.2d 814 (Ct.App. 1982). In her complaint, Frazier alleged that the Simplot Company discriminated against her on the basis of her gender when it denied her positions for which she had applied and was qualified. She identified her claims of gender discrimination as being those instances in which "less qualified male employees" were awarded the position instead of her. By her testimony, all of those instances occurred during the period from 1978 through 1989. The incident in 1996, when she was denied the timekeeper position and it was awarded to another woman, was not one of the claims alleged in Frazier's complaint because it was not an instance in which Frazier was denied a job that was awarded to a less qualified male. The refusal to award Frazier the timekeeping position in 1996 would be a cause of action that is separate and distinct from the claims alleged in her complaint. *Cook v. Dep't of Transp.,* 133 Idaho 288, 985 P.2d 1150 (1999).

In the *Cook* case, the Department of Transportation announced two openings for a senior technician, one in Idaho Falls and one in Rigby. Cook, who was a transportation technician with the Department, applied for both positions. The Rigby position was given to a male employee and the Idaho Falls position was not filled. Cook was the only female who applied for the Idaho Falls position. Cook filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that she was discriminated against based upon her gender when the Department decided to close the opening in Idaho Falls without filling it. The EEOC determined that no discrimination based upon gender had occurred and dismissed the complaint. Cook later filed an action in district court alleging that she was the victim of gender discrimination when the Idaho Falls position was closed. She later amended her complaint to add a claim of gender discrimination concerning the filling of the Rigby position. Upon the defendants' motion for partial summary judgment, the district court dismissed the cause of action alleging discrimination regarding the filling of the Rigby position because Cook had not included that claim in her EEOC complaint. On appeal, this Court upheld that dismissal.

If a plaintiff suing under Title VII alleges a claim that was not submitted in the plaintiff's original EEOC complaint, that claim must be dismissed unless it was like or reasonably related to the allegations in the EEOC charge. This Court held that Cook's allegation of gender discrimination in filling the Rigby position was different from her claim of gender discrimination in failing to fill the Idaho Falls position. They were two separate claims.

When the gender discrimination is alleged to have created a hostile work place environment, all of the instances of wrongful conduct combine together to constitute one cause of action. *Paterson v. State,* 128 Idaho 494, 915 P.2d 724 (1996). In order to show that a work environment is sufficiently hostile, a plaintiff must show the occurrence of numerous improper acts which establish a pattern of conduct sufficiently severe or pervasive to alter the conditions of employment. *Id.* The creation of the overall hostile work environment is the prohibited act, not the individual incidents which comprise the hostile work environment cause of action. *Id.* However, when, as here, the gender discrimination is alleged to be disparate treatment in denying the plaintiff a job based upon her gender, one such instance constitutes a cause of action. *Bowles v. Keating,* 100 Idaho 808, 606 P.2d 458 (1979). Thus, under the facts of this case the denial of the timekeeping job to Frazier in 1996 would be a separate cause of action from the earlier denials of jobs that are alleged in her complaint. The causes of action that were alleged in the complaint all occurred more than two years before the complaint was filed. Therefore, the district court did not err in dismissing her claim for sexual discrimination/disparate treatment.

**2. Did the district court err in ruling that Frazier's claim for hostile work place environment was barred by the statute of limitations?**

One of the elements that Frazier must prove in order to establish a claim for

hostile work environment is that she was subject to sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature. *Fowler v. Kootenai County*, 128 Idaho 740, 918 P.2d 1185 (1996). Considering Frazier's affidavit and deposition testimony, she presented sworn testimony that she was the victim of such conduct occurring within two years of the date she filed her complaint. Therefore, the district court erred in dismissing this claim based upon the statute of limitations.

### 3. Did the district court err in ruling that Frazier's claim for retaliation was barred by the statute of limitations?

Frazier alleged in her complaint that she "was the victim of reprisals and retaliation for complaining and bringing to the attention violations of J.R. Simplot's sex discrimination policy and other anti-discrimination laws." The issue is whether there is evidence in the record of any such conduct occurring within the two-year period preceding the filing of this action. Frazier's testimony about reprisals centered primarily upon the conduct of Pearson before she began working in the parts room. However, she also presented evidence of one event occurring within two years before she filed her complaint.

When the Simplot Company decided to outsource the parts room, Frazier applied for a job as a timekeeper. Frazier testified that she was qualified for that position, but it was awarded to another. Before the position was awarded, Frazier had discussions with the Human Resources Manager for the Simplot Company. This was the same person to whom Frazier said she had complained to no avail about Pearson's conduct. The Human Resources Manager had told Frazier that in order to receive a severance package from the Simplot Company, she would have to waive any claims she may have for gender discrimination against the Simplot Company. Frazier responded by telling the Human Resources Manager that she would sue the Simplot Company unless the Company gave her a severance package without having to waive her claims for gender discrimination.

According to Frazier, the Human Resources Manager offered Frazier a job Frazier was physically unable to perform, due to the injury she suffered in 1988. Construing the facts liberally in favor of Frazier, and drawing all reasonable inferences in her favor, the failure to offer Frazier the timekeeper job could be construed as an instance of retaliation for her prior complaints about gender discrimination. Therefore, we hold that the district court erred in dismissing the claim for retaliation.

## V.

## CONCLUSION

We hold that the district court erred in disregarding Frazier's affidavit. When that affidavit is considered along with the other sworn testimony in the record, the district court erred in dismissing the claims for hostile work environment and retaliation. We uphold, however, the district court's dismissal of the claim for gender discrimination/disparate treatment. We therefore reverse the dismissal of the claims for hostile work environment and retaliation, uphold the dismissal of the claim for gender discrimination/disparate treatment, and remand this case for further proceedings consistent with this opinion. We award costs to Frazier as the overall prevailing party on appeal. Although Frazier requested attorney fees on appeal in her opening brief, she did not support that request with either argument or authority. Accordingly, no attorney fees on appeal will be awarded. *Sprenger, Grubb & Associates, Inc. v. City of Hailey*, 133 Idaho 320, 986 P.2d 343 (1999).

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL, concur.