Danielle BURRELL, Plaintiff–Appellant,

v.

STAR NURSERY, INC., Defendant–Appellee.

No. 97–17370.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 1999.*

Decided March 25, 1999.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a)(2); 9th Cir. R. 34–4.

Clarence E. Gamble, Las Vegas, Nevada, for the plaintiff-appellant.

Mark J. Ricciardi, Ricciardi & Associates, Las Vegas, Nevada, for the defendant-appellee.

Before: WOOD, JR.,** THOMPSON and THOMAS, Circuit Judges.

## OVERVIEW

DAVID R. THOMPSON, Circuit Judge:

Danielle Burrell ("Burrell") appeals the district court's summary judgment in favor of Star Nursery, Inc., dismissing her sexual harassment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and a pendent state claim for retaliatory discharge. With regard to her Title VII claim, Burrell contends the district court erred in concluding there was no genuine issue of material fact as to whether Star Nursery's management knew or should have known of Burrell's alleged sexual harassment.

We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's summary adjudication absolving Star Nursery from liability for the alleged harassment by Burrell's coworkers. However, in light of the Supreme Court's recent decisions in *Burlington Industries v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), and *Faragher v. Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), addressing employer liability for sexual harassment committed by an employer's supervisory personnel, we reverse the district court's summary adjudication absolving Star Nursery from liability for the alleged harassment by one of Burrell's supervisors, and we remand this case to the district court for further proceedings. Because we reinstate part of Burrell's Title VII claim, we reverse the district court's dismissal of the pendent state claim.

** The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

## BACKGROUND

Burrell worked as a cashier at Star Nursery, first at Star Nursery's Spring Mountain store and then at its Boulder Highway store. Her supervisors at the Boulder Highway store were Glenn Slack ("Slack"), the store manager, and Mark Barita ("Barita"), the assistant store manager.

Burrell alleges that store manager Slack sexually harassed her by making comments that contained sexual references; saying he wanted to take a trip to the mountains with her; and making comments about how Burrell looked and how "well built" she was.

Burrell also alleges that assistant store manager Barita verbally harassed her about being the goddaughter of Donna Noe ("Noe"), the manager of the Spring Mountain store, telling her that she would no longer get any special treatment and treating her unfairly by reprimanding her for minor incidents. In her affidavit in opposition to summary judgment, and in her appeal brief in this court, Burrell also alleges that Barita harassed her because of her sex. In her earlier deposition testimony, however, Burrell explicitly stated that Barita had not sexually harassed her.

Burrell had a confrontation with Barita in front of some store customers. Following that confrontation, Burrell requested a meeting with Star Nursery's corporate management to discuss the conflicts between her and Barita. Burrell admitted in her deposition that she never mentioned at the meeting any of the alleged incidents of sexual harassment by Barita or Slack; she raised only her complaints about Barita's unfair treatment of her. Following the meeting, she received three reprimands, two for cash drawer shortages and one for the incident that led to the confrontation with Barita in front of the customers.

Burrell also alleges sexual harassment by two coworkers, Gerald Brown ("Brown") and Richard Wright ("Wright"). She alleges Brown and Wright made unwanted sexual

advances and sexually oriented comments to her, including making frequent comments about her breasts. She also alleges that one time in the parking lot after work, Wright grabbed her breasts.

No one at the management level of Star Nursery witnessed any of the alleged incidents of sexual harassment by Barita, Slack, Brown, or Wright. Burrell also testified in her deposition that she did not complain to management about the alleged harassment. Contrary to her earlier deposition testimony, however, Burrell stated in her affidavit in opposition to summary judgment that she discussed her concerns with her godmother, Donna Noe, the manager of the Spring Mountain store, but that she did not talk to anyone in the corporate office because she feared losing her job.

Around this same time, some of the cashiers, including Burrell, were asked to clean the restrooms, even though cleaning the restrooms was not one of the cashiers' regular job duties. Burrell cleaned the restrooms, but refused to clean the toilets without a toilet brush. At one point Barita suggested that she use the mop or her bare hands to clean the toilets. When she refused, she was reprimanded. Relying on this incident, and two prior reprimands, Star Nursery terminated Burrell.

In her complaint, Burrell alleged sexual harassment in violation of Title VII and retaliatory discharge in violation of Nevada state law. After discovery, Star Nursery moved for summary judgment. In ruling on the summary judgment motion, the district court held there were triable issues of fact as to whether Burrell was sexually harassed. Nonetheless, the court granted Star Nursery's motion because it concluded that Star Nursery had no actual or constructive knowledge of the alleged sexual harassment. The district court then declined to exercise supplemental jurisdiction over the pendent state law retaliatory discharge claim, and dismissed that claim without prejudice. Summary judgment was entered in favor of Star Nursery, and this appeal followed.

## DISCUSSION

### A. Standard of Review

We review de novo a grant of summary judgment. *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there is a genuine issue of material fact and whether the district court correctly applied the relevant substantive law. *See id.*

### B. Sexual Harassment

We first consider whether genuine issues of material fact exist as to whether the alleged behavior of Star Nursery's employees constituted sexual harassment.

■ Burrell has alleged a hostile work environment. To assert a Title VII claim based on a hostile work environment, a claimant must allege a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir.1998) (citing *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66–67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). The working environment must "both subjectively and objectively be perceived as abusive" because of the sexual harassment. *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1527 (9th Cir.1995) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

■ The district court held that portions of Burrell's affidavit filed in opposition to summary judgment should be disregarded, or at least discounted, because they directly contradicted her earlier deposition testimony and thereby sought to create "sham issue[s] of fact." *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir.1991). We agree. Thus, we do not rely on Burrell's allegations of sexual harassment by Barita, which appeared for the first time in Burrell's affidavit and contradicted her earlier deposition testimony. Without these allegations of sexual harassment, there is no evidence that Barita sexually harassed Burrell.

■ On the other hand, genuine issues of material fact exist as to whether Slack,

Brown, and Wright sexually harassed Burrell and whether their conduct created a hostile work environment. The question then becomes whether Star Nursery can be found liable under Title VII based on these alleged acts of sexual harassment.

## C. Employer Liability

When the district court decided this case, the Ninth Circuit followed the rule that an employer may be found liable in a hostile work environment case only for what management-level employees "knew or should have known." *Nichols v. Frank*, 42 F.3d 503, 508 (9th Cir.1994) (citing *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1515–16 (9th Cir.1989)).

■ This rule still applies to sexual harassment by coworkers. Thus, we first consider whether Burrell has raised a genuine issue of material fact as to whether Star Nursery management knew or should have known of the alleged sexual harassment by Burrell's coworkers Brown and Wright. We consider later in this opinion Star Nursery's potential liability for the alleged sexual harassment of Burrell by her supervisor Slack.

With regard to the alleged incidents of sexual harassment by Brown and Wright, there is no indication in the record that anyone witnessed those incidents. Moreover, Burrell did not report any alleged harassment by Brown or Wright to Star Nursery's management. Although Burrell says in her affidavit that she reported her concerns to Noe, the manager of the Spring Mountain store, we decline to consider that assertion because it contradicts Burrell's earlier deposition testimony and therefore seeks to create a "sham" issue of fact. *See Kennedy*, 952 F.2d at 267.

We conclude Burrell has failed to come forward with evidence that Star Nursery management knew or should have known about Brown's or Wright's alleged sexual harassment of her. Because she has not raised a genuine issue of material fact on this issue, we affirm the district court's summary adjudication absolving Star Nursery from Title VII liability for the alleged misconduct of these coworkers.

■ With regard to the alleged sexual harassment by store manager Slack, however, we apply a different standard. Two recent Supreme Court cases have set forth a new test for determining when an employer is vicariously liable for a hostile work environment created by a supervisor. In *Burlington Industries v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 2270, 141 L.Ed.2d 633 (1998), and *Faragher v. Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 2292–93, 141 L.Ed.2d 662 (1998), the Supreme Court held that "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile work environment created by a supervisor with immediate (or successively higher) authority over the employee."

■ To prevent this rule from imposing automatic liability and to encourage employers to adopt antiharassment policies, the Supreme Court provided employers with an affirmative defense they could assert to avoid vicarious liability for their supervisors' misconduct:

> When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.... No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.

*Burlington Indus.*, 118 S.Ct. at 2270; *Faragher*, 118 S.Ct. at 2293.

■ The Court further explained the requirements of the two necessary elements of the affirmative defense:

> While proof that an employer had promulgated an antiharassment policy with com-

plaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense. And while proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing any unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense.

*Burlington Indus.*, 118 S.Ct. at 2270.

▆▆▆▆ This new rule overturns Ninth Circuit precedent as to employer liability for Title VII sexual harassment by supervisory personnel. In such a situation, the new rule focuses on whether the harasser has immediate or successively higher authority over the victim of the harassment, not on whether the employer knew about the harassment. *Burlington Indus.*, 118 S.Ct. at 2270. Thus, if the harassment is actionable and the harasser has supervisory authority over the victim, we presume that the employer is vicariously liable for the harassment. This presumption may be overcome only if the alleged harassment has not culminated in a tangible employment action, and then only if the employer can prove both elements of the affirmative defense.

▆▆▆ The record establishes that Slack was Burrell's supervisor and that he had immediate or successively higher authority over her, thereby satisfying the first part of the *Burlington Industries* and *Faragher* test. However, the record is not sufficiently developed to allow us to determine the causation question of whether the alleged sexual harassment culminated in a tangible employment action, and if it did not, whether Star Nursery may invoke the affirmative defense described in *Burlington Industries* and *Faragher*.

With regard to the issue of tangible employment action, it is unclear whether Burrell's termination resulted from various instances of her own misconduct, or whether Slack required Burrell to clean toilets and then terminated her because she had resisted his sexual advances.

If the alleged sexual harassment did not culminate in Burrell's termination, or in other "tangible employment action," then Star Nursery may attempt to establish the elements of the affirmative defense discussed in *Burlington Industries* and *Faragher*. In that event, the district court will have to determine whether Star Nursery exercised reasonable care to prevent or promptly correct any sexually harassing behavior (the first element of the affirmative defense). Then, although there appears to be no dispute that Burrell failed to notify management of the alleged sexual harassment, the district court will have to determine whether, if there was no reasonable policy in place, Burrell's failure to complain satisfied the second element of the affirmative defense.

We reverse the district court's summary adjudication absolving Star Nursery from liability for the alleged sexual harassment by Slack, and we remand this case to the district court to permit it to evaluate Burrell's allegations of sexual harassment by Slack under the standard set forth in *Burlington Industries* and *Faragher*.

In its renewed consideration of Burrell's Title VII claim, we encourage the district court to allow the parties to amend their pleadings and supplement their discovery to address the elements of the new standard. *See Burlington Indus.*, 118 S.Ct. at 2271 (holding that parties should have adequate opportunity to prove claims under the new standard).

Because we reinstate part of Burrell's Title VII claim, we reverse the district court's order dismissing her pendent state claim for retaliatory discharge.

## CONCLUSION

We affirm the district court's summary judgment insofar as it absolves Star Nursery from Title VII liability for the alleged sexual harassment committed by coworkers Brown and Wright, and by assistant store manager Barita. As to coworkers Brown and Wright, there is no evidence that Star Nursery man-

agement knew or should have known of their alleged sexual harassment. As to assistant store manager Barita, we will not consider the allegations of Burrell's affidavit in opposition to summary judgment in which she contradicted her previous deposition testimony. Without those allegations, there is no evidence that Barita sexually harassed her.

With regard to the alleged sexual harassment by store manager Slack, however, we reverse the district court's summary judgment absolving Star Nursery from Title VII liability. Slack was Burrell's supervisor with immediate or successively higher authority over her. There is a genuine issue of material fact as to whether he sexually harassed her and whether such conduct created a hostile work environment. If these issues should be resolved against Star Nursery, it would be liable for Burrell's conduct, unless it should prevail on the affirmative defense described in *Burlington Industries* and *Faragher*. If that defense is available to Star Nursery, whether it may be sustained will depend upon factual determinations that are either in dispute or cannot be resolved from the present record.

Because we reverse in part the district court's summary judgment absolving Star Nursery from liability for Burrell's Title VII sexual harassment claim, we also reverse the district court's order dismissing Burrell's pendent state claim for retaliatory discharge.

Burrell shall recover from Star Nursery one-half of her costs on appeal.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.