**Alex ELSHIRBINY, Plaintiff—Appellant,**

v.

**HEWLETT PACKARD CO., Defendant—Appellee.**

No. 01–16152.

D.C. No. CV–00–04104–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 15, 2001.

* This panel unanimously finds this case suitable for decision without oral argument. Accordingly, to the extent Elshirbiny requests oral argument, the request is denied. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

## MEMORANDUM **

Alex Elshirbiny appeals pro se the district court's summary judgment in favor of Hewlett–Packard Co. in her action alleging employment discrimination in violation of Title VII. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *see Burrell v. Star Nursery, Inc.,* 170 F.3d 951, 954 (9th Cir.1999), and we affirm.

The district court properly granted summary judgment to Hewlett–Packard on Elshirbiny's claims. Elshirbiny failed to file her complaints with the California Department of Fair Employment and Housing or the Equal Employment Opportunity Commission within 300 days of the allegedly discriminatory events. Her claims were therefore untimely. *See Draper v. Coeur Rochester, Inc.,* 147 F.3d 1104, 1107 (9th Cir.1998).

Because Elshirbiny failed to demonstrate extraordinary circumstances, the district court properly determined that she was not entitled to equitable tolling. *Cf. Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir.1999) (stating that equitable tolling is proper where "overwhelming evidence" demonstrates that complainant was completely disabled during the limitations period).

---

We decline to address Elshirbiny's argument that she is entitled to equitable tolling because of a continuing violation, because the argument is raised for the first time on appeal. *See Int'l Assn. of Indep. Tanker Owners v. Locke,* 148 F.3d 1053, 1063 (9th Cir.1998)

AFFIRMED.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We grant appellee's motion to strike portions of Elshirbiny's reply brief containing arguments not raised in the opening brief and information not previously in the record. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999); *Tonry v. Sec. Experts, Inc.,* 20 F.3d 967, 974 (9th Cir.1994).

