Ferial K. ARDALAN, Plaintiff–Appellant,

v.

Louis CALDERA, Secretary of the Army, Defendant–Appellee.

No. 00–16955.

D.C. No. CV–99–20465–JW(EAI).

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Ferial K. Ardalan appeals pro se the district court's summary judgment for defendant in her Title VII action alleging employment discrimination and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *see Burrell v. Star Nursery, Inc.,* 170 F.3d 951, 954 (9th Cir.1999), and we affirm.

The district court properly granted summary judgment on Ardalan's Equal Employment Opportunity ("EEO") Complaints numbered 8, 9, 11, 12, and 13 because Ardalan failed to establish a triable issue of material fact as to whether she suffered any adverse employment action as defined in *Brooks v. City of San Mateo,* 229 F.3d 917, 928–29 (9th Cir.2000). *See Walker v. City of Lakewood,* 272 F.3d 1114, 1128 (9th Cir.2001) (holding plaintiff carries initial burden of establishing a prima facie case). The district court properly granted summary judgment on Ardalan's EEO Complaint 4, because Ardalan did not raise a triable issue of material fact as to whether her supervisor charged her with leave without pay for discriminatory or retaliatory reasons. *See Warren v. City of Carlsbad,* 58 F.3d 439, 442 (9th

Cir.1995); *see also Walker,* 272 F.3d at 1128. The district court properly granted summary judgment on Ardalan's EEO Complaint 5, because Ardalan did not raise a triable issue of material fact as to whether she was subjected to a work environment so hostile that a reasonable woman would consider the terms and conditions of her employment to have been altered. *See Brooks,* 229 F.3d at 924. The district court properly granted summary judgment on Ardalan's EEO Complaint 7, because Ardalan did not raise a triable issue of material fact as to whether the administration's non-discriminatory and non-retaliatory reasons for terminating her were pretextual. *Cf. Godwin v. Hunt, Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir.1998) (finding the plaintiff did satisfy her burden by showing pretext). The district court properly granted summary judgment on Ardalan's EEO Complaint 10, because Ardalan presented no evidence to counter Elvira Robinson's declaration stating the alleged actions did not occur. *See Coleman v. Quaker Oats, Co.,* 232 F.3d 1271, 1289–90 (9th Cir.2000) (holding plaintiff failed to raise a genuine issue of fact because he presented no evidence to counter defendant's version of events).

The district court acted within its discretion to decide a motion for summary judgment without oral argument. *See* Fed. R.Civ.P. 78.

The district court acted within its discretion to deny Ardalan's motions for discovery sanctions. *See Reygo Pac. Corp. v. Johnston Pump Co.,* 680 F.2d 647, 649 (9th Cir.1982).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ardalan's remaining contentions lack merit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.