Craig S. FRIDAY; et al., Plaintiffs–Appellants,

v.

NORTHWEST AIRLINES, INC., a foreign corporation, Defendant–Appellee.

No. 00–36035.

D.C. No. CV–99–00836–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Craig and H. Louise Friday appeal pro se the district court's summary judgment for Northwest Airlines in their action alleging wrongful discharge, disability discrimination, age discrimination, retaliation, intentional and negligent infliction of emotional distress, and defamation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 954 (9th Cir. 1999). We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Craig Friday failed to raise a genuine issue of material fact as to his wrongful discharge and federal and state disability discrimination claims, because he entered into a settlement agreement in which he voluntarily terminated his employment as a pilot at Northwest Airlines after stipulating that he was unfit to fly an airplane. *See United States v. Real Property Located at 22 Santa Barbara Drive,* 264 F.3d 860, 873 (9th Cir.2001).

We do not consider Craig Friday's age discrimination claim because he failed to challenge summary judgment as to this claim in the opening brief on appeal. *See Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco,* 979 F.2d 721, 726 (9th Cir.1992).

Craig Friday failed to raise a genuine issue of material fact as to his federal and state retaliation claims because he failed to establish that his letters to the Federal Aviation Administration were a protected activity, that his voluntary termination was an adverse action, or that Northwest Airlines' explanations were a pretext for discrimination. *See Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000); *Grimwood v. Univ. of Puget Sound,* 110 Wash.2d 355, 753 P.2d 517, 522 (1988).

The district court properly granted summary judgment as to H. Louise Friday's intentional and negligent infliction of emotional distress claims, because she failed to raise a genuine issue as to whether she was required to attend Craig Friday's psychiatric examination or whether Northwest Airlines placed her in peril. *See Albright v. State,* 65 Wash.App. 763, 829 P.2d 1114, 1118 (1992) (holding that requiring attendance at psychiatric examination does not constitute outrage); *Waller v. State,* 64 Wash.App. 318, 824 P.2d 1225, 1236 (1992)

(denying negligent infliction claim where plaintiff not placed in peril).

Craig Friday failed to raise a genuine issue of material fact as to whether Northwest Airlines defamed him by issuing an alert about him after removing him from service, because the contents of Northwest's alert were true. *See Haueter v. Cowles Publ'g Co.,* 61 Wash.App. 572, 811 P.2d 231, 238–39 (1991).

AFFIRMED.