**Pauline M. HORVATH, Plaintiff–Appellant,**

v.

**Gordon R. ENGLAND,\* Secretary of the Navy; et al., Defendants–Appellees.**

\* Gordon R. England is substituted for his predecessor as Secretary of the Navy. *See* Fed. R.App. P. 43(c)(2).

\*\* Gordon R. England is substituted for her predecessor as Secretary of the Navy. *See* Fed. R.App. P. 43(c)(2).

**Pauline M. HORVATH, Plaintiff–Appellant,**

v.

**Gordon R. ENGLAND,\*\* Secretary of the Navy; et al., Defendants–Appellees.**

No. 00–16278, 01–15671.
D.C. No. CV–98–04562–MHP.
D.C. No. CV–98–04604–MHP.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 \*\*\*.

Decided May 24, 2002.

Before FERNANDEZ, WARDLAW, and W. FLETCHER Circuit Judges.

MEMORANDUM \*\*\*\*

Pauline M. Horvath appeals pro se the district court's summary judgments for defendants in two actions alleging Horvath's former employer, the Navy, conspired with the Office of Personnel Management and the Department of Labor to delay or deprive Horvath of workers' compensation and disability retirement benefits and to retaliate against her for filing various equal employment opportunity complaints. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Burrell v. Star Nursery, Inc.,* 170 F.3d 951, 954 (9th Cir. 1999), and we affirm.

\*\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The district court properly granted summary judgment in both cases because Horvath did not raise a genuine issue of material fact as to whether any of the alleged wrongdoing constituted adverse employment actions under Title VII or the Rehabilitation Act. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928–30 (9th Cir.2000).

The district court properly denied Horvath's motion for recusal pursuant to 28 U.S.C. § 144, because Horvath's motion relied exclusively on Judge Patel's performance while presiding over this case. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986).

Horvath's remaining contentions lack merit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.