**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff—Appellant,**

v.

**ROBERT L. REEVES & ASSOCIATES, a Professional Corporation, Defendant—Appellee.**

Nos. 02–55928, 02–56179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided June 20, 2003.

Before: HALL, THOMAS, and PAEZ, Circuit Judges.

### MEMORANDUM *

The EEOC brought this Title VII action against Reeves & Associates, alleging pregnancy discrimination and sexual harassment against twelve female employees. In three separate orders, the district court granted summary judgment for Defendant on both claims. It also awarded Defendant $363,075.21 in attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after conducting a *de novo* review of the record, we reverse the district court's grant of summary judgment, vacate its award of attorneys' fees, and remand for further proceedings.

Because the parties are familiar with the history and facts of this case, we do not recount them here.

### I.

■ Viewing the record in the light most favorable to the EEOC, we conclude that the EEOC presented sufficient evidence of Saez's satisfactory work performance and the discriminatory circumstances surrounding her termination to establish a prima facie case of pregnancy discrimination. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 659–60 (9th Cir.2002). Further, although Reeves may have articulated non-discriminatory reasons for Saez's termination, the EEOC has presented sufficient, specific evidence to allow a reasonable juror to find that those reasons were a pretext for pregnancy discrimination. *Id.* at 661; *Chuang v. Univ. of Cal. Davis, Bd. of Trs.,* 225 F.3d 1115, 1127–29 (9th Cir. 2000). In addition to Saez's own statements that she had never refused to make or complained about making photocopies, other employees confirmed Saez's statements and testified that she was in fact a good worker. Because there are genuine triable issues of fact, summary judgment was inappropriate on this claim.

### II.

■ With regard to the EEOC's hostile work environment claim, the evidence in the record, also viewed in the light most favorable to the EEOC, shows that Reeves' conduct was widely known throughout the firm and that the claimants

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

felt uncomfortable around Reeves, tried to avoid him, and even left the firm as a result. This evidence would allow a reasonable juror to find that the claimants subjectively believed that they worked in a hostile and abusive environment that was permeated with sexual harassment. *See Brooks v. City of San Mateo,* 229 F.3d 917, 923–24 (9th Cir.2000); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21–23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

Further, a reasonable woman in the claimants' positions could have believed that Reeves' sexual jokes, comments, leering, and offensive touching were sufficiently severe or pervasive to alter the conditions of their employment. Evidence of Reeves' conduct, combined with his position within the firm as the partner with final decision-making authority in all matters concerning the firm, is sufficient to permit a reasonable juror to conclude that Reeves created an abusive working environment. *See Ellison v. Brady,* 924 F.2d 872, 878–80 (9th Cir.1991) ("It is the harasser's conduct which must be pervasive or severe, not the alteration in the conditions of employment."); *Harris,* 510 U.S. at 23–25. Thus, there is a genuine issue of material fact as to whether Reeves sexually harassed his female employees and whether this conduct created a hostile work environment. *See Burrell v. Star Nursery, Inc.,* 170 F.3d 951, 957 (9th Cir. 1999). Summary judgment was therefore inappropriate on this claim as well.

### III.

In light of our conclusion that there are material issues of fact regarding the EEOC's pregnancy discrimination and sexual harassment hostile work environment claims, we vacate the district court's award of attorneys' fees.

**REVERSED and REMANDED for further proceedings.**

CYNTHIA HOLCOMB HALL, Circuit Judge, concurring in part and dissenting in part.

I concur with the majority's conclusion regarding the jurisdiction of the district court. In all other regards, I respectfully dissent.

### I

With regard to Saez's pregnancy claim, the EEOC has not produced sufficient evidence that would allow a reasonable trier of fact to conclude that Saez performed her job satisfactorily. Saez's supervisor, Anna Reyes, specifically declared that "Saez refused to make photocopies, send facsimiles, deliver incoming packages that appeared heavy, [and] deliver outgoing packages to Federal Express Hub." This caused Reeves to ask Reyes why she was working overtime. Reyes told Reeves that Saez was not performing her duties. Saez was then fired by Reeves and she came out of his office and accused Reyes of getting her fired. Saez does not deny this confrontation, she just says it was not hostile. Saez does not deny that she was negligently performing her duties, she only states that "she never refused" to do them. The fact that others were willing to testify that they thought Saez was performing satisfactorily does not at all contradict Reyes' statements regarding specific incidents where Saez was not performing satisfactorily.

Saez's deposition testimony was equivocal. Saez repeatedly stated that she could not recall whether or not she had been criticized. Only after being pressed by her attorney did she specifically deny ever being criticized. Her later declaration in which she denies having been criticized by anyone is not enough to create a triable issue of fact. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (a "mere scintilla of

evidence" is not enough to create a triable issue of fact); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir.1996) (defendant's subjective personal judgment of job performance is not enough to create issue of fact); *Foster v. Arcata Assoc., Inc.*, 772 F.2d 1453, 1462 (9th Cir.1985) (Appellant cannot "create his own issue of fact by an affidavit contradicting his prior deposition testimony".).

## II

I respectfully disagree with the majority regarding the discrimination claim based on a hostile work environment. Dirty jokes regarding current events, one minor physical contact at the copy machine, hugging a co-worker at a party, "checking women out," asking a co-worker to square dance, and the use of profane language is not enough to create a workplace atmosphere so *discriminatory* and *abusive* that it *altered the conditions of employment.* Conduct must be extreme–offhand comments, isolated incidents (that are not extremely serious), and simple teasing do not create a sexually-harassive hostile work environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788–89, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

I would affirm the district court in all respects including its award of attorney's fees.

I respectfully dissent.