Amber BAUER, Plaintiff–Appellant,

v.

CARSON TAHOE HOSPITAL,
Defendant–Appellee.

No. 04–17495.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2006 *.

Filed Dec. 13, 2006.

Mark L. Mausert, Reno, NV, for Plaintiff–Appellant.

Alice Campos–Mercado, Lemons, Grundy & Eisenberg A Professional Corporation, Reno, NV, for Defendant–Appellee.

Before: NOONAN, COX **, and PAEZ, Circuit Judges.

MEMORANDUM ***

Appellant Amber Bauer (Bauer) appeals the summary judgment in favor of Appellee Carson–Tahoe Hospital (CTH) in her Title VII suit alleging gender–hostile work environment. *See* 42 U.S.C. § 2000e *et seq.* The district court concluded that Bauer had failed to produce evidence sufficient to establish a prima facie case and that she had not produced evidence capable of rebutting CTH's affirmative defense.[1]

In the absence of any tangible employment action taken against a Title VII plaintiff-employee, an employer may rebut the employee's prima facie case of hostile

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Emmett Ripley Cox, Senior Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We assume, without deciding, that Bauer established a prima facie case of gender-hostile work environment.

work environment by establishing an affirmative defense known as a *Faragher/Ellerth* defense. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Burlington Indus. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Because Bauer has not introduced evidence to show that she suffered a tangible employment action, under *Faragher* and *Ellerth*, CTH cannot be found liable if it demonstrates that: (1) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) that the employee unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer. *Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 955 (9th Cir.1999).

The record indicates that CTH exercised reasonable care both to prevent and correct gender harassment. It promulgated an anti-harassment policy, contained in the employee handbook, which defines and gives examples of harassing conduct and establishes a reporting procedure. It also guarantees that reports will not result in reprisal. In addition, CTH annually circulated a document titled "Preventing Sexual Harassment" to all employees, including Bauer, that reiterates CTH's commitment to maintaining a harassment-free workplace, the reporting procedures, and the investigatory and disciplinary steps that CTH will consider taking after receiving a harassment report. CTH also provided at least one anti-harassment training. This court has recognized similar precautions as satisfying an employer's burden under the first prong of the *Faragher/Ellerth* defense to show that it exercised reasonable preventive care. *See, e.g., Holly D. v. Cal. Inst. Tech.*, 339 F.3d 1158, 1176–77 (9th Cir.2003); *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 877 (9th Cir.2001). Although the promulgation of an anti-harassment policy will not in and of itself discharge an employer's burden under the first prong, Bauer has presented no evidence of the policy's inadequacy or of CTH's bad-faith enforcement. *Cf. Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 517 (9th Cir. 2000).

CTH has also introduced evidence to show that it took reasonable remedial steps upon learning of Bauer's complaints about her supervisor's conduct. Bauer's first communications to CTH personnel regarding her complaints about her supervisor did not allege gender harassment. Yet even before Bauer lodged a charge of gender discrimination with the Nevada Equal Rights Commission, and despite CTH's ultimate determination, upon investigation, that Bauer's allegations of gender-hostile work environment were unsubstantiated, CTH transferred Bauer to another department, located in a different physical part of the hospital. It also demoted the alleged harasser to a non-supervisory position. This corrective response was adequate under *Faragher* and *Ellerth. See Holly D.*, 339 F.3d at 1178 (holding that employer adequately corrected alleged harassment by promptly investigating the charges and immediately asking for harassing supervisor's resignation). *See also Swenson v. Potter*, 271 F.3d 1184, 1194 (9th Cir.2001). In addition, Bauer has not produced evidence that explains why she did not follow the reporting procedures as laid out in CTH's employee manual and anti-harassment policy.

Although at trial the burden of proving the two-part affirmative defense would rest on CTH, to survive summary judgment Bauer must produce evidence capable of rebutting it. She has not done so. Therefore, the district court properly granted summary judgment to CTH.

**AFFIRMED.**