## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 32565

TRENT L. CLARK, )
                                            )
      Plaintiff-Appellant, )
                                            )
                                            )         **Coeur d'Alene, April 2007**
v. )
                                            )         **2007 Opinion No. 81**
THE SPOKESMAN-REVIEW, COWLES )
PUBLISHING COMPANY, WILLIAM )         **Filed: May 24, 2007**
STACEY COWLES, CHRIS PECK and )
THOMAS CLOUSE, )
                                            )         **Stephen W. Kenyon, Clerk**
      Defendants-Respondents. )
                                            )
                                            )

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Honorable Charles Weeks Hosack, District Judge.

District court order granting summary judgment, <u>affirmed.</u>

Racine, Olson, Nye, Budge & Bailey, Chartered, Pocatello, for appellant. Richard Avery Hearn argued.

Witherspoon, Kelley, Davenport & Toole, P.S., Coeur d' Alene, for respondents. Duane M. Swinton argued.

---

BURDICK, Justice

      This case asks us to decide whether there are genuine issues of material fact on Appellant Trent L. Clark's defamation claim, thereby rendering summary judgment improper. This case also asks the Court to decide whether Clark's false light invasion of privacy tort claim should survive summary judgment. We affirm the grant of summary judgment on both claims.

### I. FACTUAL AND PROCEDURAL BACKGROUND

      Thomas Clouse co-wrote an article published by the Spokesman Review about a potential Republican senatorial candidate, Bob Nonini, which discussed Nonini's drug arrest, Nonini's involvement as a government informant for narcotics officers, and the arrests of one of Nonini's associates. In response, Appellant Trent L. Clark, as State Chairman of the Republican Party in Idaho, issued a press release criticizing the article and supporting Nonini. Clouse then set up and

1

conducted a telephone interview with Clark to which Paula Garriot, The Idaho Republican Party Communications Director, was also a party. Clouse was the only party to take notes during the interview.

During the course of that interview, Clark expressed his concern about implying that a 17-year-old dismissed arrest makes you a "bad person." Clark also made a statement regarding the arrest and conviction of African American males in Washington, D.C. In a subsequent article, Clouse quoted Clark as saying: "You probably cannot find an African American male on the street in Washington, D.C., that hasn't been arrested or convicted of a crime." In his pleading, Clark claims he said: "You probably cannot find an African American male on the street in Washington, D.C. *who doesn't have friends* who have been arrested or convicted of a crime." (Emphasis added).

As a result, Clark brought this lawsuit against Respondents: The Spokesman Review, Cowles Publishing Company, William Stacey Cowles, Chris Peck, and Thomas Clouse (collectively Spokesman Review), alleging defamation and false light invasion of privacy. The magistrate court granted summary judgment in favor of Spokesman Review on both claims, holding that there was no clear and convincing evidence as to actual malice. The district court affirmed summary judgment on both claims on the alternate ground that there were no issues of fact as to falsity. Clark timely appealed.

## II. STANDARD OF REVIEW

When this Court reviews a case decided in the magistrate division that has been appealed to the district court, we review the magistrate's decision independently of, but with due regard for, the district court's appellate decision. *Post Falls Trailer Park v. Fredekind*, 131 Idaho 634, 636, 962 P.2d 1018, 1020 (1998). When we review the magistrate court's ruling on a motion for summary judgment, we employ the same standard properly employed by the magistrate court when originally ruling on the motion. *Id*.

Summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court liberally construes the entire record in favor of the nonmoving party and draws all reasonable inferences and conclusions in that party's favor. *Steele v. Spokesman-Review*, 138

2

Idaho 249, 251, 61 P.3d 606, 608 (2002). If the evidence reveals no disputed issues of material fact, summary judgment is proper. *Id*.

### III. ANALYSIS

Clark argues that summary judgment was improper and that there are genuine issues of material fact as to the defamatory, damage, falsity, and actual malice elements of Clark's defamation claim. Clark also argues that there are genuine issues of material fact on his false light invasion of privacy claim. Finally, both parties seek attorney fees on appeal. We will address the defamation claim first, then the false light claim before turning to the issue of attorney fees.

### A. Defamation

In a defamation action, a plaintiff must prove that the defendant: (1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication. *See Gough v. Tribune-Journal Co.*, 73 Idaho 173, 177, 249 P.2d 192, 194 (1952). As a fourth element, when a publication concerns a public official, public figure, or matters of public concern and there is a media defendant, the plaintiff must also show the falsity of the statements at issue in order to prevail in a defamation suit. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 775-76 (1986). Finally, if the plaintiff is a public figure, the *New York Times* Co. *v. Sullivan*, 376 U.S. 254 (1964), standard applies, and the plaintiff can recover only if he can prove actual malice, knowledge of falsity or reckless disregard of truth, by clear and convincing evidence. *Steele*, 138 Idaho at 252, 61 P.3d at 609; *Bandelin v. Pietsch*, 98 Idaho 337, 339, 563 P.2d 395, 397 (1977).

Clark contends that the magistrate court erred when it granted summary judgment because he raised genuine issues of material fact on his defamation claim. We affirm summary judgment because Clark failed to produce evidence a jury could find is clear and convincing proof that Spokesman Review acted with actual malice. Since he failed on this element, we will not address the other elements of defamation.

First, however, we will address Spokesman Review's argument that only evidence Clark brings forward must be viewed in the light most favorable to him. This Court liberally construes the entire record in favor of the nonmoving party and "draws *all* reasonable inferences and conclusions in that party's favor." *Steele*, 138 Idaho at 251, 61 P.3d at 608 (emphasis added); *see also Gardner v. Evans*, 110 Idaho 925, 929, 719 P.2d 1185, 1189 (1986).

3

Clark is a public figure; hence, the *New York Times* standard applies and he will recover only if he can prove actual malice, knowledge of falsity or reckless disregard of truth, by clear and convincing evidence. *See Steele*, 138 Idaho at 252, 61 P.3d at 609; *Bandelin*, 98 Idaho at 339, 563 P.2d at 397. On a summary judgment motion by a defendant in a defamation action, the plaintiff must produce evidence creating a genuine issue of material fact and evidence a jury could find is clear and convincing evidence the defendant acted with "actual malice."[1] *Id*. "Disputed issues of fact that if resolved in favor of the plaintiff would still fall short of establishing malice with convincing clarity are not material." *Bandelin,* 98 Idaho at 341, 563 P.2d at 399.

Actual malice is not defined as an evil intent or a motive arising from spite. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991). In a defamation action, actual malice is knowledge of falsity or reckless disregard of truth. *Bandelin*, 98 Idaho at 339, 563 P.2d at 397. Mere negligence is insufficient; the plaintiff must demonstrate that "the author in fact entertained serious doubts as to the truth of his publication or acted with a high degree of awareness of ... probable falsity." *Masson*, 501 U.S. at 510 (internal quotations and citations omitted). The standard of actual malice is a subjective one. *Wiemer v. Rankin*, 117 Idaho 566, 575, 790 P.2d 347, 356 (1990) (citing *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 688, (1989) (emphasis removed and internal quotations omitted)). However, although actual malice is a subjective standard, self-interested denials of actual malice from the defendant can be rebutted with other evidence. This Court focuses on whether there is sufficient evidence of purposeful avoidance of the truth. *Id*. at 576, 790 P.2d at 357.

In *Masson,* the United States Supreme Court considered whether there was sufficient evidence to support a finding that the author engaged in deliberate or reckless falsification. 501

---

[1] When a claim or part of a claim must be proved by clear and convincing evidence, generally on a motion for summary judgment we do not consider whether a party has produced clear and convincing evidence, but only "whether the evidence is sufficient to create a triable issue of fact." *Country Cove Dev., Inc. v. May*, 143 Idaho 595, __, 150 P.3d 288, 292 (2006). However, we have adopted the United States Supreme Court standard for ruling on a motion for summary judgment in a defamation case which requires that the trial judge bear in mind the actual quantum and quality of proof necessary and noted the appropriateness of this standard is supported by the "unique character of the interest protected by the actual malice standard" and the duty a judge has to "independently decide whether the evidence in the record is sufficient to cross the constitutional threshold that bars the entry of any judgment that is not supported by clear and convincing proof of 'actual malice.'" *Wiemer v. Rankin*, 117 Idaho at 575, 790 P.2d at 356 (quoting *Harte-Hanks,* 491 U.S. at 685-86 (emphasis removed and internal quotations omitted)).

4

U.S. at 499. In that case, plaintiff's allegations that the published statements were "false" were supported by tape-recordings of the interviews between the speaker and the author. *Id*. at 502. Although the defendant contested allegations that she published the statements with knowledge or reckless disregard of the alterations, the claim could not be disposed of on summary judgment. *Id*. at 521. The Court found that other than the plaintiff's allegations, "the record contain[ed] substantial additional evidence . . . which . . . would support a jury determination under a clear and convincing standard that [defendant] deliberately or recklessly altered the quotations." *Id*. at 521.

Clark argues that there is sufficient evidence to find that the reporter, Clouse, and the editor, Peck, acted with actual malice.[2] As against Peck, Clark has only alleged evidence regarding his refusal to print a correction. Clark has not alleged that when the defamatory statement was published, Peck had the subjective state of mind necessary to satisfy the actual malice standard and therefore has failed to show actual malice based on Peck's actions. Thus, he has failed to meet his burden as against Peck.

As against Clouse, Clark asserts that Clark issued the Idaho Republican Party press release which was critical of Clouse's reporting, that Garriot stated Clouse appeared to be "very offended" by Clark's criticism, that one-third of the interview centered on a discussion of "guilt by association" and profiling, that the statement as reported by Clouse was false, and that Clouse understood Clark was not trying to make a racist statement.

Turning first to falsity, the exact wording of the statement Clark made in the interview remains unclear. Clouse's article quotes Clark as follows:

> "As Bob tells this story, he is very guilty of a very serious mistake: He grew up with and was friends with the wrong crowd," Clark said. *"You probably cannot find an African American male on the street in Washington, D.C., that hasn't been arrested or convicted of a crime."*

> "Of all the evidence you've got, nothing contradicts what Bob has already confessed to – he hung around with the wrong crowd."

(Emphasis added).

---

[2] Clark also argues that the magistrate court applied the wrong standard of review when it granted summary judgment based on the actual malice element because the magistrate court determined as a matter of law there was not clear and convincing evidence of actual malice instead of whether a jury could find there is clear and convincing proof that Spokesman Review acted with actual malice. However, we review a grant of summary judgment *de novo*. *Post Falls Trailer Park*, 131 Idaho at 636, 962 P.2d at 1020.

5

In his pleadings, Clark asserts the italicized sentence should have read: "You probably cannot find an African American male on the street in Washington, D.C. who doesn't have friends who have been arrested or convicted of a crime." Garriot's request to the Spokesman Review for a correction, made upon order of Clark, stated the quote should have read: "You probably cannot find an African American male on the street in Washington, D.C. who that [sic] doesn't have friends who have been arrested or convicted of a crime." In his deposition, Clark stated that he cannot remember word for word what he said, but that he is certain he made a reference to friends in that statement. The parties disagree on whether the statement was taken out of context, and if so, whether that resulted in falsity. Nonetheless, even assuming for the purposes of argument that the published statement was false, Clark still fails to meet the clear and convincing standard necessary to survive summary judgment on the issue of actual malice.

None of the evidence indicates that Clouse had knowledge of the alleged falsity of the statement or that he engaged in reckless falsification. Clouse said that he was certain a reference to friends was not part of the quotation and that his certainty was based both from his notes and his memory. Furthermore, the statements as published correspond almost exactly with Clouse's interview notes. Though Clouse stated he agreed the point Clark was trying to make by his statement was guilt by association and was not racist, he has no memory of any profiling discussion. Clouse also stated that he purposely used the statements made both before and after the quotation at issue to avoid any inference that he took it out of context. Clark has not argued that the statements immediately preceding and following the quotation at issue are inaccurate or misplaced. All of this evidence shows that when Clouse made the publication, he subjectively believed the statements to be true and to be presented in context, and Clark offers no evidence that sufficiently indicates Clouse had knowledge of the alleged falsity or entertained serious doubts as to the truth of the publication.

In the face of this evidence, Garriot's perception that Clouse was "very upset" and "very offended" when he called to set up an interview with Clark is not clear and convincing proof that Clouse acted with actual malice. In the defamation context, actual malice does not mean ill will or spite; there must be publication with knowledge of falsity or in reckless disregard of the truth. The publication was consistent with Clouse's memory and notes, and Clouse stated he attempted to retain context by using the comments Clark made directly before and directly after the comment at issue—and Clark has not shown otherwise. Unlike *Masson*, there is no substantial

6

evidence that Clouse acted with a high degree of awareness of probable falsity. Clark has failed to provide sufficient evidence to show that a reasonable jury could find by clear and convincing evidence that Clouse made the publication in reckless disregard of the truth. *See Steele*, 138 Idaho at 252, 61 P.3d at 609. Thus, we affirm the magistrate court's grant of summary judgment because there are no genuine issues of material fact as to the actual malice element.

**B. False Light**

Clark contends Spokesman Review is not entitled to an award of summary judgment on his false light claim. Publicity which places the plaintiff in a false light in the public eye requires that there be "public disclosure of falsity or fiction concerning the plaintiff." *Baker v. Burlington N., Inc.*, 99 Idaho 688, 691, 587 P.2d 829, 832 (1978). Reconciling the demands of First Amendment freedom of the press with libel and invasion of privacy claims has placed a heavy burden on the plaintiff. *Bandelin*, 98 Idaho at 339, 563 P.2d at 397. When a communication is constitutionally privileged, a plaintiff must prove actual malice by clear and convincing evidence on his invasion of privacy claims. *Id.* (citing *Time, Inc. v. Hill*, 385 U.S. 374 (1967)).

As discussed above, Clark has failed to raise any issues of material fact as to actual malice. Thus, we affirm summary judgment on Clark's false light invasion of privacy claim.

**C. Attorney Fees**

Clark seeks attorney fees pursuant to I.C. § 12-121. That statute allows an award of "reasonable attorney's fees to the prevailing party. . . ." I.C. § 12-121. Clark is not a prevailing party; thus, Clark is not entitled to attorney fees on appeal.

Spokesman Review contends it is entitled to attorney fees because Clark has no cogent basis for arguing the trial court has misapplied the law. Spokesman Review, however, fails to accompany its request for attorney fees with a reference to any statutory provision authorizing the award. A party must point to a statute or contractual provision authorizing an award of attorney fees on appeal. *State v. Daicel Chem. Indus., Ltd.*, 141 Idaho 102, 109, 106 P.3d 428, 435 (2005). Furthermore, Clark's appeal was not frivolous or without foundation. Therefore, we decline to award attorney fees to Spokesman Review.

7

## IV. CONCLUSION

We affirm summary judgment in favor of Spokesman Review on Clark's defamation and false light claims. We decline to award either party attorney fees. Costs to Respondent.

Chief Justice SCHROEDER and Justices TROUT, JONES and REINHARDT, Pro Tem, **CONCUR.**