# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43410

CANDACE ELLIOTT, individually and FOR THE LOVE OF PETS FOUNDATION, INC., an Idaho corporation,

    Plaintiffs-Appellants,

v.

STEVE MURDOCK,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
).

Boise, December 2016 Term

2016 Opinion No. 141

Filed: December 2, 2016

Stephen Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Jefferson County. Hon. Alan C. Stephens, District Judge.

The judgment of the district court is affirmed.

Whittington Law Office, Chtd., Idaho Falls, for appellant.

Hopkins Roden Crockett Hansen & Hoopes, PLLC, Idaho Falls, and Duane Morris, LLP, San Francisco, California, for respondent.

## ON THE BRIEFS

J. JONES, Chief Justice

This case arises from statements made on a call-in radio show by Mr. Murdock about his neighbor Ms. Elliott. The show's hosts were discussing a Bonneville County case that involved allegations of horse abuse and neglect. Ms. Elliott called in to comment. Several callers later, Mr. Murdock called in. He questioned the veracity of Ms. Elliott's statements and made various claims about the horse meat market and (referring to Ms. Elliott) "Andi's humane society."

Ms. Elliott filed suit, alleging that seven of Mr. Murdock's statements defamed her individually and her foundation, For The Love Of Pets, Inc. The district court granted summary judgment in favor of Mr. Murdock. Ms. Elliott timely appealed, limiting her appeal to the statement, "Andi's humane society puts .02% of the money they hit everybody up [sic] back into the care of animals," which she alleges defames both her and her foundation.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Candace (Andi) Elliott moved to rural Hamer, Idaho, from Virginia in 2001. Soon after her move, Ms. Elliott became involved with the Humane Society, serving as president of the Upper Valley Humane Society for several years in the early 2000s. She deems herself an advocate for animal welfare. Her concern for the welfare of pets and livestock in her community is reflected in her frequent letters to the editor on animal welfare subjects in local newspapers. During the last six years, she has authored over one hundred such letters. She has also made over a dozen calls to the Sheriff's Office seeking "welfare checks" of certain animals in Hamer and neighboring communities. There is also evidence that the Sheriff's Office has occasionally asked her for assistance in animal welfare cases and referred citizens with animal welfare related questions to her.

Ms. Elliott has also been involved in litigation related to her activities. In her zeal to discover the condition of animals, she has frequently been observed peering into yards and over neighbor's fences, often taking pictures of others' animals. She has also been accused of entering others' property to check on or tend to animals. Indeed, Ms. Elliott was charged with trespass in 2008, 2009 and 2011. She entered a guilty plea in 2008 and judgment was withheld. The 2009 case was dismissed, and Ms. Elliott was acquitted in 2011.

She has sued individuals who have pressed trespassing charges against her. She sued her neighbor, Brenda Murdock, for testifying against her in connection with trespass charges. She also filed a combined suit against the Jefferson County Sheriff, Jefferson County Prosecutor, a Jefferson County deputy, a Jefferson County deputy prosecutor, the Jefferson County Sheriff's Department, the Jefferson County Commissioners, and Jefferson County Commissioner Jerald Raymond.

This suit arises from comments made by Ms. Elliott's neighbor, Steve Murdock, on the Neal Larson radio show in March 2012. The show's host was discussing a case of potential horse neglect and abuse in Bonneville County that county officials were investigating. He asked listeners to call in and comment on whether there should be laws to require owners to properly care for their animals or whether the law should respect the owner's property rights. Several listeners responded to the invitation to call in. Ms. Elliott called and commented on the Bonneville County case, giving additional "facts" she had gleaned from conversations with friends and her interaction with the alleged owner. Several callers later, Mr. Murdock called in

and expressed his opinion of Ms. Elliott. He also expressed his view regarding the appropriateness of slaughter houses and horse meat markets. He also declared that (referring to Ms. Elliott) "Andi's humane society puts .02% of the money they hit everybody up [sic] back into the care of animals."

In March 2014, Ms. Elliott filed suit in Jefferson County, alleging that seven statements made by Mr. Murdock during the course of the radio broadcast were defamatory as to her individually and to her foundation, For The Love Of Pets, Inc. ("the Foundation"). During the course of the litigation, the original seven statements were pared down to two allegedly defamatory statements. On April 30, 2015, the district court granted summary judgment in favor of Mr. Murdock. On June 12, 2015, Ms. Elliott and the Foundation timely appealed, limiting the appeal to Mr. Murdock's statement, "And Andi's humane society puts .02% of the money they hit everybody up [sic] back into the care of animals," alleging that it defamed her and the Foundation.

## II.     ISSUES PRESENTED ON APPEAL

1. Whether the district court erred in granting summary judgment to Mr. Murdock.
2. Whether the district court erred in striking the declaration and exhibits offered by Ms. Elliott in opposition to Mr. Murdock's motion for summary judgment.
3. Whether the district court erred in its findings of fact.
4. Whether the district court erred in concluding the Foundation was a public figure.
5. Whether the district court erred in denying Ms. Elliott's motion to amend her complaint.
6. Whether the district court erred in denying Ms. Elliott's request to depose additional witnesses.
7. Whether Mr. Murdock's statement was germane to the particular issue being discussed.
8. Whether the district court erred in refusing to consider evidence contained in Ms. Elliott's stricken declarations and exhibits.
9. Whether Ms. Elliott and the Foundation are entitled to use circumstantial evidence to prove Mr. Murdock's state of mind at the time he made the statement.
10. Whether animosity and personal motive can remove speech from the protection of the First Amendment.
11. Whether Mr. Murdock is entitled to attorney's fees on appeal.

## III.     STANDARD OF REVIEW

"Control of discovery is within the discretion of the trial court." *Taylor v. AIA Services Corp.*, 151 Idaho 552, 570, 261 P.3d 829, 847 (2011) (quoting *Jen–Rath Co. v. Kit Mfg. Co.*, 137 Idaho 330, 336, 48 P.3d 659, 665 (2002)). "This Court reviews the trial court's decision to grant

a protective order . . . under an abuse of discretion standard." *Bailey v. Sanford*, 139 Idaho 744, 748, 86 P.3d 458, 462 (2003). "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008).

"The admissibility of evidence contained in affidavits and depositions in support of or in opposition to a motion for summary judgment is a threshold matter to be addressed before . . . determin[ing] whether the evidence creates a genuine issue of material fact for trial." *Fragnella v. Petrovich*, 153 Idaho 266, 271, 281 P.3d 103, 108 (2012). "This Court applies an abuse of discretion standard when determining whether testimony offered in connection with a motion for summary judgment is admissible." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 15, 175 P.3d 172, 177 (2007). "[N]o error in admitting or excluding evidence . . . is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." I.R.C.P. 61.

"The question of whether evidence is relevant is reviewed de novo, while the decision to admit relevant evidence is reviewed for an abuse of discretion." *Perception Constr. Mgmt., Inc. v. Bell*, 151 Idaho 250, 253, 254 P.3d 1246, 1249 (2011).

"After a responsive pleading has been filed a party may amend a pleading only by leave of court or by written consent of the other party." *Estate of Becker v. Callahan*, 140 Idaho 522, 527, 96 P.3d 623, 628 (2004). "The court should freely give leave when justice so requires." I.R.C.P. 15(a)(2). A district court's denial of a plaintiff's motion to amend their complaint is governed by an abuse of discretion standard of review. *Thomas v. Med. Ctr. Physicians, P.A.*, 138 Idaho 200, 210, 61 P.3d 557, 567 (2002).

"Appellate review of a district court's ruling on a motion for summary judgment is the same as that required of the district judge when ruling on the motion." *Steele v. Spokesman-Review*, 138 Idaho 249, 251, 61 P.3d 606, 608 (2002). "Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Frazier v. J.R. Simplot Co.*, 136 Idaho 100, 102, 29 P.3d 936, 938 (2001). In

making the determination, all facts are construed in the light most favorable to the non-moving party. *Parks v. Safeco Ins. Co. of Illinois*, 160 Idaho 556, 561, 376 P.3d 760, 765 (2016).

## IV.   ANALYSIS

**A.   The district court did not err in refusing to allow Ms. Elliott to depose additional witnesses.**

Ms. Elliott and the Foundation assert that the district court erred in granting Mr. Murdock's motion for a protective order and to quash subpoenas. After initial discovery was conducted and Ms. Elliott's deposition completed, Mr. Murdock promptly filed his motion for summary judgment. Notwithstanding Mr. Murdock's declaration, Ms. Elliott's counsel insisted that deposition testimony from Mr. Murdock, Mr. Murdock's son, and a close friend was necessary. Mr. Murdock objected to these depositions, viewing them as unnecessary, burdensome, and a waste of time. Accordingly, he filed a motion for a protective order and to quash the subpoenas. The district court granted the motion.

The record indicates that the district court rendered its decision after consideration of the parties' arguments in a telephonic hearing on the matter. This consideration indicates that the court correctly perceived the issue as discretionary. It concluded that additional deposition testimony was not necessary to successfully oppose the motion for summary judgment. The record indicates that the court reached its decision through the application of correct legal principles and after an exercise of reason. There was no abuse of discretion.

**B.   The district court did not err in denying Ms. Elliott's motion to amend her complaint.**

Ms. Elliott and the Foundation assert that the district court erred in denying their motion to amend the pleadings. The proposed amended complaint added Count II, which included language setting forth the actual malice standard for defamation of public figures. The district court viewed the desired amendment as unnecessary because it considered the original complaint sufficient for pleading defamation of a public figure with a heightened standard. Accordingly, the motion was denied. The district court issued its decision after careful consideration of the parties' arguments. This consideration and the reasoning reflected in the court's written decision indicate that the district court correctly perceived the issue as discretionary, reached its decision after an exercise of reason, and applied correct legal standards. There was no abuse of discretion.

**C.   The district court did not err in striking Ms. Elliott's declaration and exhibits and failing to consider them in determining the motion for summary judgment.**

Ms. Elliott and the Foundation argue that the district court erred in striking Ms. Elliott's declaration and exhibits offered in opposition to summary judgment because they included sufficient evidence to overcome summary judgment. The district court disagreed, concluding instead that Ms. Elliott's declaration was "almost completely irrelevant . . . and substantially more prejudicial than probative" and the exhibits were either "inadmissible hearsay or their marginal relevance was outweighed by the undue prejudice, burden, and waste of time that the documents presented."

When a "trial court is being asked to admit or to strike evidence, the initial question . . . [is]: Is the evidence relevant?" *State v. Hocker*, 115 Idaho 544, 547, 768 P.2d 807, 810 (Ct. App. 1989). "Evidence that tends to prove the existence of a fact of consequence in the action, and has any tendency to make the existence of a fact more probable than it would be without the evidence, is relevant." *Id.*; I.R.E 401. "All relevant evidence is admissible . . . [e]vidence which is not relevant is not admissible." I.R.E. 402. Relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . . waste of time, or needless presentation of cumulative evidence." I.R.E. 403.

Ms. Elliott's declaration is a detailed fourteen page narrative listing nearly every run-in or conflict related to animal welfare that Ms. Elliott has had with neighbors, community members, or the Sheriff's Office since she moved to Hamer in 2001. Few, if any, of the facts alleged in the declaration apply to the specific defamation claim at issue in this case. Many of the facts alleged, if admitted, would have a strong tendency to distract from and obfuscate the key inquiry: did Mr. Murdock's statement defame Ms. Elliott and the Foundation? Many of the alleged facts are also very prejudicial. The court's written decision indicates that the court correctly perceived the admission or exclusion of the evidence as a discretionary issue, applied correct legal standards to reach its decision, and reached its decision after an exercise of reason. There was no abuse of discretion.

Because the declarations and exhibits were appropriately stricken, the district court did not err in failing to consider them in deciding the motion for summary judgment.

**D.     The district court did not err in granting summary judgment to Mr. Murdock.**

Ms. Elliott's and the Foundation's chief complaint is that the district court erred in granting summary judgment to Mr. Murdock. Ms. Elliott and the Foundation allege that Mr. Murdock's statement "Andi's humane society puts .02% of the money they hit everybody up

6

[sic] back into the care of animals" refers to Ms. Elliott and the Foundation instead of Ms. Elliott's previous ties to the Humane Society. They also allege that the reputation of Ms. Elliott and the Foundation were damaged, as evidenced by the sharp decline in donations to the Foundation shortly after the statement was made. Ms. Elliott and the Foundation further declare that they proffered sufficient evidence to overcome summary judgment in their declarations and exhibits.

"In a defamation action, a plaintiff must prove that the defendant: (1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication." *Clark v. Spokesman–Review*, 144 Idaho 427, 430, 163 P.3d 216, 219 (2007). A defamatory statement is one that "tend[s] to harm a person's reputation, [usually] by subjecting the person to public contempt, disgrace, or ridicule, or by adversely affecting the person's business." *Defamatory*, Black's Law Dictionary 506 (10th ed. 2014). Statements of opinion enjoy the constitutional protection provided by the First Amendment. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3007 (1974). But false statements of fact are actionable. *Id.*

"[I]f the plaintiff is a public figure, the *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), standard applies, and the plaintiff can recover only if he can prove actual malice, knowledge of falsity or reckless disregard of the truth, by clear and convincing evidence." *Clark*, 144 Idaho at 430, 163 P.3d at 219. This Court, in reliance on the United States Supreme Court's reasoning in *Gertz*, has held that an individual can become a public figure on a limited range of issues through voluntary public engagement on those issues. *Bandelin v. Pietsch*, 98 Idaho 337, 563 P.2d 395 (1977). In *Bandelin*, the Court conducted a detailed analysis of the activities of Mr. Bandelin to determine if he was a public figure on the issues that were the subject of the alleged defamatory statements. *Id.* at 340, 563 P.3d at 398. The Court did not assume that Mr. Bandelin's "participation in community and professional affairs automatically render[ed] him a public figure," but instead followed the approach outlined in *Gertz*, and "look[ed] to the nature and extent of [the] individual's participation in the particular controversy giving rise to the defamation" to determine if that individual was a limited public figure. *Id.* (quoting *Gertz*, 418 U.S. at 352, 94 S.Ct. at 3013).

1.      **Defamation**

7

Here, the statement at issue did not defame Ms. Elliott or the Foundation. Shortly before the statement was made, a report surfaced in national media outlets that the Humane Society uses less than 1% of donations it receives for the care of animals. Mr. Murdock stated under oath that he had never heard of the Foundation prior to the filing of this lawsuit and that he made his statement about the Humane Society on the basis of national media reports. The evidence is clear that Mr. Murdock's statement was merely a recitation of information he had heard in the public media and did not defame Ms. Elliott personally or the Foundation. Instead, the statement referenced the Humane Society, with which Ms. Elliott had voluntarily associated for a number of years.

### 2. Public Figures and *New York Times*

Even if, for the purpose of argument, the statements are accepted as defamatory, Ms. Elliott and the Foundation fail to raise a genuine issue of material fact as to whether Ms. Elliott and the Foundation are public figures and whether Mr. Murdock acted with knowledge that his statements were false or in reckless disregard of the truth.

Ms. Elliott and the Foundation assert that they are not public figures and that the *New York Times* standard should not apply. However, the district court concluded that both Ms. Elliott and the Foundation are public figures. The evidence supports this conclusion. As mentioned above, Ms. Elliott is an outspoken advocate of animal welfare. She authored over one hundred letters to the editor on animal welfare-related subjects. She served as President of the Upper Valley Humane Society, which frequently necessitated assisting law enforcement with animal welfare cases, including rehabilitating abused and injured animals and placing them in foster homes. After she was no longer formally affiliated with the Humane Society, her continued interest in animal welfare was reflected in her surveillance of pets and animals in the community, and her numerous calls to the Sheriff's Office. Ms. Elliott's continuous involvement and vocal participation in animal welfare clearly renders her a limited public figure on these issues in the Jefferson, Bonneville and Madison Counties of southeastern Idaho. Additionally, the Foundation, which is principally governed by Ms. Elliott, solicits public donations for its operations. This solicitation of public donations renders it a public figure for defamation purposes. Therefore, for Ms. Elliott and the Foundation, the actual malice standard elucidated in *New York Times* applies.

The *New York Times* standard requires the plaintiff to prove "knowledge of falsity or reckless disregard of the truth, by clear and convincing evidence." *Clark*, 144 Idaho at 430, 163

P.3d at 219. Ms. Elliott and the Foundation assert that the declarations and exhibits submitted to the district court created a genuine issue of fact as to whether Mr. Murdock's statements were uttered in reckless disregard for the truth. However, the district court rightly excluded the declaration and exhibits from evidence and did not consider them in making its summary judgment determination. Without this evidence, the record contains only bald assertions that Mr. Murdock made his statements in revenge and out of personal animus toward Ms. Elliott. This is not clear and convincing evidence of anything other than a pronounced conflict between rural neighbors. The lack of evidence proffered by Ms. Elliott and the Foundation on this point, especially when weighed against Mr. Murdock's declaration under oath, fails to raise a genuine issue of material fact. Summary judgment was properly granted in favor of Mr. Murdock.

## E.    Attorney fees

Mr. Murdock seeks an award of attorneys fees under Idaho Code section 12-121, claiming that Ms. Elliott "acted frivolously, unreasonably or without foundation in law or fact," in pursuing this appeal. As we recently noted in *Frantz v. Hawley Troxell Ennis & Hawley, LLP*, Doc. No. 43576, 2016 WL 6473016, *5 (Nov. 2, 2016):

> Section 12-121 allows an award of attorney fees to a prevailing party where "the action was pursued, defended, or brought frivolously, unreasonably, or without foundation." *Idaho Military Historical Soc'y v. Maslen*, 156 Idaho 624, 33, 329 P.3d 1072, 1081 (2014). "Such circumstances exist when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the district court incorrectly applied well-established law." *Snider v. Arnold*, 153 Idaho 641, 645–646, 289 P.3d 43, 47–48 (2012). Further, attorney fees on appeal have been awarded under Section 12-121 when appellants "'failed to add any new analysis or authority to the issues raised below' that were resolved by a district court's well-reasoned authority." *Wagner v. Wagner*, 160 Idaho 294, 302, 371 P.3d 807, 815 (2016).

Ms. Elliott's original complaint stated that seven of Mr. Murdock's statements on the radio show defamed her. When the parties reached the summary judgment stage, she only took issue with two of the statements. On appeal, her contention is limited to a single statement. This statement, as addressed above, did not defame her or the Foundation, but instead repeated information reported in the public media. There is no basis in fact or law for Ms. Elliott's claims, and she was so instructed by the district court below. Her appeal is frivolous and was unreasonably brought. She merely invites us to second-guess the district court's well-reasoned opinion. Accordingly, we award attorney's fees on appeal to Mr. Murdock per Idaho Code section 12-121.

## V.    CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment to Mr. Murdock.  Mr. Murdock is awarded attorney fees and costs on appeal.

Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.