**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44336**

| | |
|---|---|
| RICHARD E.D. NICHOLS, a citizen of U.S.A. and Queensland, Australia, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JOHN A. KANALEY aka TONY KANALEY, a citizen of Idaho; MILT SPARKS HOLSTERS, INC., an Idaho corporation; JOHN A. KANALEY, PAULA M. KANALEY, JOSEPH S. KUBIK, JAMES L. WALL, and NICOLAS J. HARVEY, officers of Milt Sparks Holsters, Inc., <br><br> Defendants-Respondents, <br><br> and <br><br> DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **2017 Unpublished Opinion No. 409** <br><br> **Filed: March 21, 2017** <br><br> **Stephen W. Kenyon, Clerk** <br><br> **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment dismissing claims against respondents, <u>affirmed</u>.

Richard E.D. Nichols, Morayfield, Queensland, Australia, pro se appellant.

Richard A. Cummings, Boise, for respondent.

_____

MELANSON, Judge

  Richard E.D. Nichols appeals from the district court's grant of respondents' motion for summary judgment. For the reasons set forth below, we affirm.

1

# I.

## FACTS AND PROCEDURE

Nichols filed a complaint against respondents John A. Kanaley aka Tony Kanaley; Milt Sparks Holsters, Inc.; and John A. Kanaley, Paula M. Kanaley, Joseph S. Kubick, James L. Wall, and Nicholas J. Harvey, officers of Milt Sparks Holsters, Inc. The complaint alleged claims for defamation, trade libel/commercial disparagement, tortious interference with a business relationship, interference with a prospective economic advantage, conspiracy among the respondents to commit those torts, violation of the Idaho Unfair Sales Act, and the criminal offense of libel in violation of I.C. § 18-4801. The respondents appeared through counsel and answered the complaint. Subsequently, the respondents filed a motion to dismiss the complaint pursuant to I.R.C.P. 12(b)(6). The respondents also filed affidavits and a memorandum in support of their motion to dismiss and requested the district court treat the motion as a motion for summary judgment, as authorized by I.R.C.P. 56. Nichols filed an unsworn response to the motion for summary judgment. Although the response was accompanied by several exhibits, Nichols did not counter the respondents' motion for summary judgment with any admissible evidence. The district court granted the respondents' motion for summary judgment. Nichols appeals.

# II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The evidence offered in support or in opposition to a motion for summary judgment must be admissible. *Banner Life Ins. Co. v. Mark Wallace Dixson Irrevocable Trust*, 147 Idaho 117, 123, 206 P.3d 481, 487 (2009). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be

2

required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

Nichols is engaged in the design and manufacture of pistol holsters. Milt Sparks is a corporation that also manufactures pistol holsters. Nichols's complaint is based on comments allegedly made by agents of Milt Sparks on Internet forums. In the instant case, neither Nichols's complaint nor his response to the respondents' motion for summary judgment were verified. Nichols did not proffer any admissible evidence to counter the respondents' motion for summary judgment. Because the respondents' affidavits are the only admissible evidence, we must determine whether the affidavits set forth a genuine issue of material fact with respect to Nichols's claims.

### A.     Pro Se Litigant

On appeal, the essence of Nichols's argument is that the district court erred by not providing guidance or assistance to Nichols, who was pursuing the action pro se, and by dismissing Nichols's claim on purely technical grounds. Nichols cites to various cases where courts have provided guidance to pro se litigants. Although it is within a judge's discretion to provide guidance to pro se litigants, pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they

3

are appearing pro se and may not be aware of the applicable rules. *Id.* Thus, we review the district court's grant of summary judgment in favor of the respondents under the same standard as if Nichols had appeared through counsel.

## B.  Defamation

Nichols alleged that the respondents defamed him by publishing false statements of fact on Internet forums. To succeed on a defamation claim, a plaintiff must prove that the defendant communicated information concerning the plaintiff to others; that the information was defamatory; and that the plaintiff was damaged because of the communication. *Elliott v. Murdock*, 161 Idaho 281, 287, 385 P.3d 459, 465 (2016). A defamatory statement is one that tends to harm a person's reputation, usually by subjecting the person to public contempt, disgrace, or ridicule, or by adversely affecting the person's business. *Id.* While statements of opinion enjoy constitutional protection, false statements of fact are actionable. *Id.* If the defamatory statement was libelous per se, a plaintiff need not prove special damages. *Jenness v. Co-op. Publ'g. Co.*, 36 Idaho 697, 703, 213 P. 351, 354 (1923). Where a defamatory statement is written and contains an imputation upon a corporation in respect to its business, its ability to do business and its methods of doing business, the statement is libelous per se. *Barlow v. Int'l. Harvester Co.* 95 Idaho 881, 890, 552 P.2d 1102, 1111 (1974). If the language used is unambiguous, it is a question of law for the court to determine whether the communication is libelous per se. *Gough v. Tribune-Journal Co.*, 73 Idaho 173, 249 P.2d 192 (1952). If the language used is ambiguous, the court must determine whether innuendo makes the communication libelous per se. *Id.*

In the instant case, Nichols's complaint did not allege damages with the requisite specificity to support a defamation claim. Consequently, Nichols's defamation claim fails unless it is a libelous per se claim, which does not require him to plead special damages. Each respondent averred that he or she had never posted to any Internet forum any statement referring to Nichols, his business, or his product, nor has any of them collaborated, encouraged, directed, or supervised anyone to do so. John Kanaley averred that he was the president of Milt Sparks and submitted with his affidavit an email he sent to a third party. In that email, John referenced a criticism by Nichols of one of Milt Sparks's products. The email stated that Nichols's product exhibited the same defects he alleged Milt Sparks's product exhibited. John further referred to

4

Nichols as a troll for posting negative reviews about Milt Sparks's product to bait John into an argument. While John's email was unflattering, it did not defame Nichols's business or his product. The email stated John's opinion that Nichols was a troll and observed that his holster exhibited the same feature he referred to as a defect in the Milt Sparks holster. Thus, the undisputed evidence establishes that the respondents did not make any libelous per se statements concerning Nichols and that John accused Nichols's product of suffering from the same defect Nichols claimed Milt Sparks's product suffered from. Accordingly, the admissible evidence establishes no genuine issue of material fact, and the district court did not err by granting summary judgment to the respondents on Nichols's defamation claim.

## C. Trade Libel/Commercial Disparagement

Nichols alleged that the respondents willfully disparaged Nichols's commercial product and business services while maliciously intending to cause him financial loss. Idaho law does not provide a cause of action for trade libel or commercial disparagement. However, the Idaho Consumer Protection Act does prohibit disparaging the goods, services, or business of another by false or misleading representation of fact.[1] Other jurisdictions provide a cause of action for trade libel. *See* RESTATEMENT (SECOND) OF TORTS § 626 (1977). To succeed on such a claim, a plaintiff must prove that the publication of a statement disparaging the quality of another's property, the statement was false, the publisher knew or reasonably should have known that the publication was false, the publisher intended to cause pecuniary harm or reasonably should have known that publication of the statement was likely to cause pecuniary harm, and the publication actually caused a pecuniary loss. *Id.*

In the instant case, the respondents averred that they had not published any statements about Nichols's product. The only such statement made by any respondent was the email from John Kanaley to the third party. Nichols did not allege a pecuniary loss but alleged that he incurred special damages. Moreover, Nichols did not allege what damages he incurred with any specificity. Thus, Nichols failed to adequately plead and support a claim for trade libel or commercial disparagement. Accordingly, the admissible evidence establishes no genuine issue

---

[1]     We review Nichols's allegation that the respondents violated the Consumer Protection Act in the section titled "Unfair Sales Act."

of material fact, and the district court did not err by granting summary judgment to the respondents on Nichols's trade libel and commercial disparagement claim.

**D.      Tortious Interference With a Business Relationship**

Nichols alleged that the respondents intentionally interfered with his business relationship with the third party whom John Kanaley emailed.  Specifically, Nichols alleged that his relationship with the third party would have been consummated but for the respondents' improper interference.  To succeed on a claim for wrongful interference with economic relationships,[2] a plaintiff must prove intentional interference with a prospective business relationship; that such interference was wrongful--either because the defendant had the purpose to harm the plaintiff or because the defendant used a wrongful means to cause injury to the prospective relationship; and resulting injury to the plaintiff.  *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 286, 824 P.2d 841, 861 (1991).

Again, the respondents' affidavits and the email from John Kanaley to the third party were the only admissible evidence.  The email contained a statement from the third party that his relationship with Nichols was limited to holster design and their business together.  Construing all reasonable inferences in Nichols's favor, this statement does no more than suggest that Nichols and the third party communicated with each other regarding holster design.  The email does not indicate the nature of the relationship between Nichols and the third party.  Thus, the undisputed evidence fails to establish even a prospective economic relationship between Nichols and the third party.  Accordingly, the admissible evidence establishes no genuine issue of material fact, and the district court did not err in granting summary judgment to the respondents on Nichols's wrongful interference with economic relationships claim.

**E.      Interference With Prospective Economic Advantage**

Nichols alleged that the respondents' publications on online forums wrongfully interfered with reasonably probable economic relationships with readers of those forums.  Again, there is no admissible evidence that the respondents posted to any Internet forum any statement referring to Nichols, his business, or his product, nor did they collaborate, encourage, direct, or supervise anyone to do so.  The email does not suggest a prospective economic relationship between

---

[2]      This is the term adopted and used by the Idaho Supreme Court.  *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 285-86, 824 P.2d 841, 860-61 (1991).

Nichols and the third party whom John Kanaley emailed. Moreover, it does not suggest a prospective economic relationship between Nichols and any unnamed third parties. Thus, the undisputed evidence fails to establish a prospective economic relationship between Nichols and readers of the forums Nichols alleged the respondents posted to. Accordingly, the admissible evidence establishes no genuine issue of material fact, and the district court did not err in granting summary judgment to the respondents on Nichols's second wrongful interference with economic relationships claim.

**F.      Unfair Sales Act**

Nichols alleged that the respondents committed unfair trade practices in violation of I.C. § 48-412. Any person may bring an action seeking to enjoin violation of the Unfair Sales Act and recover actual damages from that violation. I.C. § 48-406. The statute prohibits any manufacturer from using advertisements containing any untrue, deceptive or misleading assertions, representations or statements about the goods advertised. I.C. § 48-406(1), (6). The respondents averred that none of the advertising for Milt Sparks's product contained any assertions, representations or statements that were untrue, deceptive, or misleading or that falsely represented the kind, classification, and grade or quality of Milt Sparks's product. Nichols has proffered no evidence to refute the respondents' evidence. Accordingly, the admissible evidence establishes no genuine issue of material fact, and the district court did not err in granting summary judgment to the respondents on Nichols's unfair trade practices claim.

**G.      Conspiracy**

Nichols alleged that the respondents agreed to commit the above-referenced torts against Nichols. Civil conspiracy is not, by itself, a claim for relief. *Argonaut Ins. Co. v. White*, 86 Idaho 374, 379, 386, P.2d 964, 966 (1963). The essence of a civil conspiracy claim is the underlying civil wrong committed as the subject of the conspiracy, not the conspiracy itself. *Id.* Because the tort claims Nichols alleged were the proper subject of summary dismissal, his civil conspiracy claim likewise fails. Accordingly, the respondents prevail on this issue, and the district court did not err in granting summary judgment in favor of the respondents on Nichols's civil conspiracy claim.

**H.      Attorney Fees**

The respondents seek attorney fees pursuant to I.C. § 12-120(3). The respondents assert that the alleged communication giving rise to Nichols's claims was a commercial transaction within the meaning of I.C. § 12-120(3). Section 12-120(3) requires an award of attorney fees to the prevailing party in an action arising out of any commercial transaction. The test for determining whether this provision authorizes an award of attorney fees is whether the commercial transaction comprises the gravamen of the lawsuit. *Brower v. E.I. DuPont Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990). Tort claims are insufficient to implicate the commercial transaction clause of I.C. § 12-120(3). In the instant case, Nichols's claims were tort theories and therefore insufficient to implicate the commercial transactions clause of I.C. § 12-120(3). Accordingly, the respondents are not entitled to attorney fees pursuant to I.C. § 12-120(3).

However, an award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. In the instant case, Nichols did not proffer any admissible evidence in support of his opposition to the respondents' motion for summary judgment. Moreover, Nichols's appeal advances no argument or authority to support the proposition that summary dismissal of his claims was not proper. Rather, Nichols seeks an exception from the rules because he is a pro se litigant and asks this Court to second-guess the district court's decision to hold Nichols to the same standard as if he appeared through counsel. These arguments lack foundation in the law. Accordingly, attorney fees are awarded to the respondents.

### IV.

### CONCLUSION

The respondents' motion to dismiss was accompanied by a memorandum and affidavits and was therefore treated as a motion for summary judgment. Nichols proffered no admissible evidence in opposition to the respondents' motion for summary judgment. The undisputed evidence establishes that there is no genuine issue of material fact to any of Nichols's claims. Thus, the district court did not err in granting the respondents' motion for summary judgment.

Accordingly, the summary judgment in favor of the respondents is affirmed.  Costs and attorney fees are awarded to the respondents on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.